**PAHL & McCAY**
A Professional Law Corporation
**Catherine Schlomann Robertson, Esq.**  (State Bar No. 136213)
225 West Santa Clara, Suite 1500
San Jose, California  95113-1752
Telephone No.: (408) 286-5100
Facsimile No.: (408) 286-5722
Email: crobertson@pahl-mccay.com

Attorneys for Plaintiff
MYBUSINESSLOAN.COM, LLC
dba DEALSTRUCK, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYBUSINESSLOAN.COM, LLC dba DEALSTRUCK, INC.<br><br>    Plaintiffs,<br><br>vs.<br><br>BREAKER ELECTRICAL CONTRACTORS CORP., HRVOJE PESUT, GRACE PESUT and DOES 1-20,<br><br>    Defendants. | Case No. **'15CV1802 CAB NLS**<br><br>[limited Jurisdiction]<br><br>**COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, PROMISE WITHOUT INTENT TO PERFORM, CONVERSION, AND BREACH OF GUARANTY**<br><br>Action Filed:<br>Trial Date: |

Comes now Plaintiff, DEALSTRUCK and alleges as follows:

1.      At all times relevant herein, Plaintiff MYBUSINESSLOAN.COM, LLC, dba DEALSTRUCK, INC. ("DEALSTRUCK"), was a California corporation with its principal place of business in the City of San Diego, County of San Diego, California.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C § 1331.  This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C § 1367.

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.      The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

5. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(a) (2), as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff is informed and believes and thereon alleges that at all times relevant herein Defendant HRVOJE PESUT, an individual, is and was, a resident of New York.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant herein Defendant GRACE PESUT, an individual, is and was, a resident of New York. DEALSTRUCK is informed and believe that HRVOJE PESUT and GRACE PESUT are husband and wife and shall henceforth be referred to as "PESUT".

8. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant BREAKER ELECTRICAL CONTRACTORS CORP., ("BREAKER ELECTRICAL"), was a New York Corporation.

## GENERAL ALLEGATIONS

9. On or about January 22, 2014, DEALSTRUCK and BREAKER ELECTRICAL executed a Credit Line Master Agreement, (the "Factoring Agreement"), whereby DEALSTRUCK, for valuable consideration, purchased certain account receivables of BREAKER ELECTRICAL. A true and correct copy of the Factoring Agreement is attached hereto and incorporated herein as **Exhibit A**.

10. In the Factoring Agreement and Schedules of Accounts, which schedules individually assigned the invoices at issue herein (which reiterated the terms of the Factoring Agreement), BREAKER ELECTRICAL and PESUT warranted that:

> <u>5.2 Account Covenants</u>
>
> a) Borrowers shall notify the Lender promptly of: (i) any material delay in any Borrower's performance of any of its material obligations to any such account debtor or the assertion of any material claims, offsets, defenses or counterclaims by any such account debtor, or any material disputes with such account debtors, or any settlement, adjustment or compromise thereof, (ii) all material adverse information known to Borrower relating to the financial condition of any such account debtor, and (iii) any event or circumstance which, to the best of Borrower's knowledge, would cause the Lender to

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

---
COMPLAINT FOR BREACH OF CONTRACT . . .        2        (Case No.        )

consider any such Accounts as no longer constituting Eligible Accounts.

b) No credit, discount, allowance or extension or agreement for any Eligible Account shall be granted to any account debtor without the Lender's consent, except in the ordinary course of Borrower's business in accordance with historical practice. So long as no Event of Default exists or has occurred and is continuing, the Borrower shall settle, adjust or compromise any claim, offset, counterclaim or dispute with any account debtor.  At any time that an Event of Default exists or has occurred and is continuing, the Lender shall, at its option, have the right to settle, adjust or compromise any claim, offset, counterclaim or dispute with account debtors or grant any credits, discounts or allowances; provided, that (i) the Borrower shall have the right to do any of the foregoing in the ordinary course of business and (ii) the Lender shall provide prompt notice to the Borrower of its election to exercise such option.

c) With respect to each Eligible Account: (i) the amounts shown on any invoice delivered to the Lender or schedule thereof delivered to the Lender shall be true and complete in all material respects, (ii) payments thereon received by Borrower shall be promptly delivered to the Lender pursuant to the terms of this Agreement, (iii) there shall be no setoffs, deductions, contras, defenses, counterclaims or disputes existing or asserted with respect thereto except as reported to the Lender in accordance with the terms of this Agreement, and (iv) none of the transactions giving rise thereto will violate in any material respect any applicable Federal, State or local laws or regulations, all documentation relating thereto will in all material respects be legally sufficient under such laws and regulations and all such documentation will in all material respects be legally enforceable in accordance with its terms. The Lender shall have the right to verify the validity, amount or any other matter relating to any Account or other Collateral by mail, telephone, email, facsimile transmission or otherwise, as it deems necessary in its commercially reasonable discretion.

d)      Collection.  Borrower shall, place a notification on its invoices sent its Account Debtors that Monetary Collection be (or, if received by Borrower, shall cause same to be) sent to Lender or a post office box designated by or in the name of Lender, or in the name of Borrower, but as to which access is limited solely to Lender or deposited into a bank account maintained in the name of Lender or a blocked bank account under arrangements with the depository bank under which all funds deposited to such blocked bank account are required to be transferred to Lender.  In connection, therewith, Borrower shall execute such post office box and/or blocked bank account agreements as Lender shall specify.

*       *       *

6.12    Each Account included in the Borrowing Base is an "Eligible Account" as defined herein, and conforms to the definition thereof. Without limiting the generality of the foregoing, (a) each Eligible Account represents valid, binding and enforceable obligations of the Account Debtor obligated thereon, except as enforceability may be

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

limited by bankruptcy, insolvency, and similar laws and equitable principles affecting the enforcement of creditors' rights generally, representing undisputed, bona fide transactions completed in accordance with the terms and provisions contained in any documents related thereto, and is and will be genuine, free from liens, adverse claims, counterclaims, setoffs, defaults, disputes, defenses, retainages, holdbacks and conditions precedent of any kind of character, (b) to Borrower's knowledge, the Account Debtor is solvent and generally paying its debts as they come due, (c) each Eligible Account complies with all applicable laws concerning form, content and manner of preparation and execution, including where applicable any federal and state consumer credit laws, (d) Borrower has not assigned any of its rights to collect the Accounts other than to Lender pursuant to this Agreement, (e) all statements made, all unpaid balances and all other information in Borrower's books and records and other documentation relating to the Accounts are true and correct and what they purport to be, (f) and Borrower has no knowledge of any fact or circumstance which would materially impair the validity or collectability of any Eligible Account.

11. To secure BREAKER ELECTRICAL's obligations to DEALSTRUCK, BREAKER ELECTRICAL granted DEALSTRUCK a security interest in all of BREAKER ELECTRICAL's accounts, accounts receivable, contract rights, chattel paper, general intangibles, instruments, documents, inventory, deposit accounts, investment property, and all machinery, equipment, furniture, furnishings, fixtures, tools, supplies and motor vehicles (the "Collateral"), which security interest was perfected by virtue of a UCC-1 Financing Statement filed with the Secretary of State for the State of New York. A true and correct copy of the UCC-1 is attached hereto and incorporated herein as **Exhibit B**.

12. In conjunction with the execution of the Factoring Agreement, PESUT guaranteed DEALSTRUCK, in writing, that they would pay all indebtedness and obligations of BREAKER ELECTRICAL to DEALSTRUCK, which were then presently due or which thereafter became due (the "Guaranty"). True and correct copies of each of the HRVOJE PESUT and GRACE PESUT Guarantees are attached hereto and incorporated herein collectively as **Exhibit C.**

13. Thereafter, BREAKER ELECTRICAL provided services to various Account Debtors, including Account debtors.

14. Each of the BREAKER ELECTRICAL account debtors were issued a Notice of

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

--------------- 4 ---------------
COMPLAINT FOR BREACH OF CONTRACT . . .                                          (Case No.        )

Assignment, which stated, in relevant part:

> We are pleased to advise that, to enable the Client to better service its customers, the client has irrevocably assigned its present and future Accounts to us.  To the extent that you are now indebted or may in the future become indebted to the Client on an Account, payment thereof must be sent to us and not the Client or any other entity.  Please update this Client's accounting system record with the following payment remittance instructions:
>
> | **Mailing Instructions** | **Direct Deposit Instructions** |
> |---|---|
> | Breaker Electrical Contractors Corp. | City National Bank |
> | File 1633 | Beneficiary: Breaker Electrical |
> | 1801 W. Olympic Blvd. | Contractor Corp. |
> | Pasadena, CA 91199-1633 | Routing No.: 122016066 |
> |  | Account No.: 013954453 |
>
> Payments made in any other manner may expose you to multiple liabilities. By signing this Notice you agree to ignore any attempt by Client or anyone else to rescind this Notice. This Notice may only be revoked in writing by an officer of MyBusinessLoan.com, LLC (the Lender") or Dealstruck, Inc. (the "Manager" of Lender).

15. Thereafter, DEALSTRUCK received individual assignments for invoices assigned from BREAKER ELECTRICAL for which advances were individually made.

16. Following each delivery of goods and/or services, BREAKER ELECTRICAL provided account debtors with an invoice (the "Invoices").

17. Thereafter, BREAKER ELECTRICAL issued to Invoices, assigned those Invoices to DEALSTRUCK and obtained an advance.  A true and correct copy of the aging listing outstanding invoices is attached hereto and incorporated herein as **Exhibit D**.

18. In accordance with the terms of the BREAKER ELECTRICAL Factoring Agreement, DEALSTRUCK received invoices, and thereafter made an immediate disbursement to BREAKER ELECTRICAL as consideration for the purchase and assignment of each Invoice.

19. Prior to Advancing monies to BREAKER ELECTRICAL, account debtors were issued written notice of BREAKER ELECTRICAL's assignment of the invoices to DEALSTRUCK (the "Notice of Assignment").  The Notice of Assignment informed account debtors that BREAKER ELECTRICAL had assigned to DEALSTRUCK the BREAKER ELECTRICAL Receivables.  The Notice of Assignment instructed Account Debtors to make all payments on the Account Debtor Invoices to DEALSTRUCK.  The Account Debtors Notice

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

further informed Account Debtors that the assignment remained in effect until notified to the contrary by DEALSTRUCK and that payment to anyone other than DEALSTRUCK did not constitute adequate payment.

20. DEALSTRUCK is informed and believes, and thereon declares, that HRVOJE PESUT *issued instructions to Account Debtors specifically instructing them to disregarding the prior Notice of Assignment* for DEALSTRUCK and *instead issue payments directly to BREAKER ELECTRICAL*.

21. In response to the request identified above, *and in direct violation of the Uniform Commercial Code*, Account Debtors issued payments directly to BREAKER ELECTRICAL.

22. DEALSTRUCK has made demand upon account debtors to honor the terms of the Invoices and Notice of Assignment, but they have refused to issue payment to DEALSTRUCK.

23. BREAKER ELECTRICAL and PESUT have failed to pay DEALSTRUCK any portion of the amounts due and owing to DEALSTRUCK.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract against BREAKER ELECTRICAL)

24. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein

25. Plaintiff has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms of the Factoring Agreement.

26. BREAKER ELECTRICAL breached the Factoring Agreement by, amongst other things, directing the account debtor to pay it directly, and failing to forward to DEALSTRUCK amounts received from Account Debtors and by failing to refund to DEALSTRUCK the amounts paid by DEALSTRUCK to BREAKER ELECTRICAL in consideration for the purchase of receivables and the fees to which DEALSTRUCK is entitled to pursuant to the BREAKER ELECTRICAL Factoring Agreement.

27. BREAKER ELECTRICAL further breached the Factoring Agreement by, amongst other things, having warranted that its receivables were correct and undisputed and that the payment of receivables was not conditional or subject to any defense, offset, or counter claim and

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

would be paid when due, when, in fact, that is not correct.

28. As a result of BREAKER ELECTRICAL's breach of the contract, Plaintiff has suffered damages in an amount to be proven at trial, based on assigned invoices in an amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00).

29. Pursuant to Section 3 of the Factoring Agreement, Defendants BREAKER ELECTRICAL and PESUT were legally responsible for various fees in conjunction with the factoring transaction.

30. Pursuant to Section 13.4 of the Factoring Agreement, BREAKER ELECTRICAL agreed to pay all attorney's fees and costs which may be incurred by DEALSTRUCK in the enforcement of the Factoring Agreement. DEALSTRUCK has employed the services of Pahl & McCay, a Professional Law Corporation, to enforce its rights under the Factoring Agreement and has incurred and will continue to incur attorney's fees and costs as a result.

WHEREFORE, DEALSTRUCK prays for judgment against BREAKER ELECTRICAL as set forth in the Prayer for Relief below.

### SECOND CLAIM FOR RELIEF
**(Money Had and Received against BREAKER ELECTRICAL)**

31. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

32. Within the last two years, BREAKER ELECTRICAL became indebted to DEALSTRUCK for monies had and received from DEALSTRUCK at its own insistence and request.

33. Although demand has been made, there is now a balance due and owing and unpaid to DEALSTRUCK in an amount no less than Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00), plus interest thereon at the maximum legal rate.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against BREAKER ELECTRICAL as set forth in the Prayer for Relief below.

///

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

COMPLAINT FOR BREACH OF CONTRACT . . . 7 (Case No. )

## THIRD CLAIM FOR RELIEF

**(Intentional Misrepresentation against Defendants BREAKER ELECTRICAL and PESUT)**

34. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

35. PESUT/BREAKER ELECTRICAL represented that if for any reason the invoice was paid directly to BREAKER ELECTRICAL, they/it would promptly notify DEALSTRUCK of such payment, would hold any checks, drafts or monies so received in trust for DEALSTRUCK and promptly endorse, transfer and deliver the same to DEALSTRUCK.

36. The representation was in fact false, because after DEALSTRUCK issued the Notice of Assignment, PESUT instructed its account debtors to make payments to BREAKER ELECTRICAL.

37. PESUT/BREAKER ELECTRICAL further warranted that receivables were correct and undisputed and that the payment of receivables was not conditional or subject to any defense, offset, or counter claim and would be paid when due.

38. These representations were in fact false as, among other things, Defendants have refused to issue payment on the receivables at issue.

39. When PESUT/BREAKER ELECTRICAL made these false and misleading statements, he/she/it knew the representations to be false.

40. PESUT/BREAKER ELECTRICAL made these representations with the intent to defraud DEALSTRUCK by inducing DEALSTRUCK to enter into the Factoring Agreement, purchase receivables and make the necessary disbursements to BREAKER ELECTRICAL as required by the Factoring Agreement.

41. At the time DEALSTRUCK acted in reliance upon these false representations it did not know the representations were false and believed the representations to be true. DEALSTRUCK justifiably relied on the truth of the representations when entering into the Factoring Agreement, purchasing receivables and making disbursements to BREAKER ELECTRICAL in accordance therewith.

42. As a result of DEALSTRUCK's justifiable reliance upon the false representations,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

8
COMPLAINT FOR BREACH OF CONTRACT . . .                                    (Case No.        )

DEALSTRUCK has suffered damages in an amount to be proven at trial, based on assigned invoices in the amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00). These damages were a reasonably foreseeable consequence of the misrepresentations identified above and were foreseeable to BREAKER ELECTRICAL at the time the false representations were made to DEALSTRUCK.

43. The intentional misrepresentations of BREAKER ELECTRICAL and PESUT were made with malice, oppression and fraud and constituted despicable conduct, thus warranting an award of punitive damages.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against BREAKER ELECTRICAL and PESUT as set forth in the Prayer for Relief Below.

### FOURTH CLAIM FOR RELIEF

**(Negligent Misrepresentation against BREAKER ELECTRICAL and PESUT)**

44. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

45. When PESUT, as agent for BREAKER ELECTRICAL, made the false and misleading statements previously set forth in the Third CLAIM FOR RELIEF, they reasonably should have known the representations to be false. These misrepresentations were made to DEALSTRUCK without any reasonable grounds for PESUT/BREAKER ELECTRICAL to believe them to be true.

46. At the time DEALSTRUCK acted in reliance upon the false representations, it did not know that the representations were false and believed the representations to be true. DEALSTRUCK reasonably relied upon the truth of the representations when entering into the Factoring Agreement, purchasing receivables and making disbursements to BREAKER ELECTRICAL in accordance therewith.

47. As a result of DEALSTRUCK's reasonable reliance upon the false representations, DEALSTRUCK has suffered damages in an amount to be proven at trial, based on assigned invoices in the amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00). These damages were a reasonably foreseeable consequence of the

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

misrepresentations and were foreseeable to PESUT and BREAKER ELECTRICAL at the time they made the false representations to DEALSTRUCK.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against BREAKER ELECTRICAL and PESUT as set forth in the Prayer for Relief Below.

### FIFTH CLAIM FOR RELIEF

**(Conversion against BREAKER ELECTRICAL and PESUT)**

48. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

49. At all times relevant herein, DEALSTRUCK was and still is the owner of, and was and still is entitled to possession of, the monies that BREAKER ELECTRICAL received directly from its account debtors.

50. BREAKER ELECTRICAL and PESUT misappropriated and converted to their own personal use and possession the payments on receivables which were received from the account debtors and which rightfully belong to DEALSTRUCK as consideration for the purchase of receivables. The total amount misappropriated from DEALSTRUCK by BREAKER ELECTRICAL in an amount to be proven at trial, based on assigned invoices in the amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00).

51. Between the time of BREAKER ELECTRICAL's conversion of the above-mentioned property to its own use and the filing of this action, Plaintiff has spent time and money in pursuit of the converted property all to Plaintiff's further damage in a sum to be proven at trial.

52. The aforementioned acts of BREAKER ELECTRICAL were willful, wanton, malicious, and oppressive, and were taken with the intent to defraud Plaintiff, thus warranting an award of punitive damages.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against Defendant BREAKER ELECTRICAL and PESUT as set forth in the Prayer for Relief below.

### SIXTH CLAIM FOR RELIEF

**(Breach of Guaranty as to PESUT)**

53. Plaintiff realleges and incorporates herein by this reference each and every

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

foregoing paragraph of this Complaint as though fully set forth herein.

54. HRVOJE PESUT each executed a Guaranty expressly warranting that he/she would comply in every aspect with the terms of any agreement that BREAKER ELECTRICAL had made or may make with DEALSTRUCK.

55. Plaintiff has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the Guaranty.

56. PESUT breached the Guaranty by failing to ensure that BREAKER ELECTRICAL complied with the terms of the Factoring Agreement by among other things, endorsing, transferring, and delivering to DEALSTRUCK the monies which BREAKER ELECTRICAL received from its account debtor or reimbursing DEALSTRUCK for the amount paid as consideration for the purchase of receivables.

57. As a result of PESUT's breach of the Guaranty, Plaintiff has suffered damages in an amount to be proven at trial, based on assigned invoices in an amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00).

58. Pursuant to the Guaranty, PESUT agreed to pay all attorneys' fees and other costs which may be incurred by DEALSTRUCK in any way, arising out of, following, or consequential to the enforcement of the obligations of BREAKER ELECTRICAL, whether under the Guaranty, the Factoring Agreement, or otherwise. DEALSTRUCK has employed the services of the law firm of Pahl & McCay, a Professional Law Corporation, to enforce its rights under the Guaranty, and has incurred and will continue to incur legal fees and costs as a result.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against PESUT as set forth in the Prayer for Relief below.

///
///
///
///
///
///

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

COMPLAINT FOR BREAK OF CONTRACT . . .   11   (Case No.           )

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against Defendants BREAKER ELECTRICAL CONTRACTORS CORP., HRVOJE PESUT, GRACE PESUT, Account Debtors as follows:

As to the First, Second, and Sixth Causes of Action against Defendants BREAKER ELECTRICAL and PESUT:

1. For compensatory damages in an amount to be proven at trial, based on assigned invoices in the amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00);

2. For contractual fees pursuant the terms of the Factoring Agreement and Guaranty.

As to the Third, Fourth, and Fifth Causes of Action against Defendant BREAKER ELECTRICAL and PESUT:

3. For compensatory damages in an amount to be proven at trial, based on assigned invoices in the amount of Two Hundred Thirty Thousand Eight Hundred Dollars and No Cents ($230,800.00);

4. For interest at the maximum legal rate from the date the funds were first due and owing to the date that the funds are returned to Plaintiff;

5. For punitive and exemplary damages in an amount sufficient to punish Defendants and each of them and to deter others from such conduct in the future;

As to all Causes of Action against all Defendants:

8. For costs of suit incurred herein;

9. For attorney's fees incurred herein; and,

10. For such other relief as the Court deems just and proper.

DATED: August 14, 2015         PAHL & McCAY
                               A Professional Law Corporation


                               By: /s/ Catherine S. Robertson
                                   Catherine Schlomann Robertson
                                   Attorneys for Plaintiff
                                   MYBUSINESSLOAN.COM, LLC
                                   dba DEALSTRUCK, INC.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

4315/002 -
00421456.DOC.2

12
COMPLAINT FOR BREACH OF CONTRACT . . .                                (Case No.         )