MICHAEL F. MILLERICK, ESQ. (SBN 129467)
THE MILLERICK LAW FIRM
4142 Adams Avenue, Suite 103
San Diego, California 92116
Tel: 619-233-0204/Fax: 619-233-6272
E-mail: michael@millericklaw.com

*Attorney for Defendants*,
Breaker Electrical Contractors Corp.,
Hrvoje Pesut, and Grace Pesut

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYBUSINESSLOAN.COM, LLC dba DEALSTRUCK, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BREAKER ELECTRICAL CONTRACTORS CORP., HRVOJE PESUT, GRACE PESUT and DOES 1-20, <br><br> Defendants. | CIVIL ACTION NO..: <br> '15 CV1802 CAB NLS <br><br> **DEFENDANTS BREAKER ELECTRICAL CONTRACTORS CORP., HRVOJE PESUT AND GRACE PESUT'S ANSWER TO COMPLAINT AND COUNTERCLAIM** <br><br> Demand for Jury Trial <br><br> Action Filed: 8/14/15 |

Subject to and without waiving their objections to personal and subject matter jurisdiction in this Court, Defendants and Counterclaim Plaintiffs, Breaker Electrical Contractors Corp. ("Breaker"), Hrvoje Pesut ("Mr. Pesut") and Grace Pesut ("Mrs. Pesut"), respectfully submit this their Answer, Defenses, Counterclaim and Demand for Jury Trial in response to the Complaint filed by Plaintiff ("DealStruck"). Breaker, Mr. Pesut and Mrs. Pesut are referred to herein at the "Breaker Parties." The Breaker Parties hereby answer the numbered paragraphs of Plaintiff's complaint as follows.

1. Denied for lack of knowledge.

2. Denied. No federal question is present.

3. Denied. The amount legitimately in controversy is less than $75,000. And Plaintiff has not pled the residency or citizenship of each of its members.

4. Denied. Breaker only borrowed $50,000.00.

5. Denied. Mrs. Pesut in particular has had no relevant contact with this district or division.

6. Admitted.

7. Admitted as to the residency of Mrs. Pesut. The Breaker parties object to lumping Mr. Pesut and Mrs. Pesut together as "Pesut." That constitutes impermissible group pleading which fails to state a claim.

8. Admitted.

9. Admitted only that Breaker signed Exhibit A, which speaks for itself and is the best evidence of its own content and legal effect. Otherwise denied. The accounts receivable were only pledged or assigned as collateral until the debt was paid. Denied that Exhibit A is valid or enforceable.

10. Admitted only that Breaker signed Exhibit A, which speaks for itself and is the best evidence of its own content and legal effect. Otherwise denied. The accounts receivable were only pledged or assigned as collateral until the debt was paid. Denied that Exhibit A is valid or enforceable.

11. Admitted only that Breaker signed Exhibit A, which speaks for itself and is the best evidence of its own content and legal effect. Otherwise denied. The accounts receivable were only pledged or assigned as collateral until the debt was paid. Denied that Exhibit A is valid or enforceable. The Breaker Parties lack knowledge sufficient to admit or deny, and therefore deny, that DealStruck filed a financing statement with the State of New York.

12. Admitted only that Exhibit C was signed by Mr., Pesut. Otherwise denied. Denied that Exhibit C is valid or enforceable.

13. Admitted.

14. Denied for lack of knowledge.

15. Admitted only that certain invoices were assigned as collateral for a $50,000 loan. Otherwise denied.

16. Admitted.

17. Admitted only that Breaker assigned certain invoices to DealStuck as security for its loan. Otherwise denied for lack of knowledge because this Paragraph is vague and ambiguous.

18. Admitted only that DealStruck advanced $50,000 while taking assignment of certain invoices as collateral. Denied that the invoices or accounts were purchased.

19. Denied for lack of knowledge.

20. Denied.

21. Denied.

22. Denied for lack of knowledge.

23. Denied. Answering further, the balance (before payments from account debtors) was only $50,000.

24. The Breaker Parties incorporate by reference their prior answers.

25. Denied.

26. Denied, except that Breaker did not pay back the $50,000 loan proceeds.

27. Denied, except denied for lack of knowledge as to non-payment of certain collateral accounts.

28. Denied. The loan amount was only $50,000, which is subject to offset and recoupment. In addition, the accounts were only assigned as collateral; DealStruck was not entitled to recover the face amount of the invoices, and the Breaker

Parties never guaranteed that DealStruck would recover the full amount of each account or invoice up to four or five times the amount of the underlying loan and debt.

29. Admitted that Breaker signed the Agreement and Mr. Pesut signed his guaranty. Otherwise denied. Denied for lack of knowledge with respect to the undefined and ambiguous term "various fees."

30. Admitted only that Breaker signed the Agreement and that, subject to external legal restrictions, the Agreement is the best evidence of its own content and legal effect. Also admitted that DealStruck was formerly being represented by Pahl & McCoy. Otherwise denied.

31. The Breaker Parties incorporate by reference their prior answers.

32. Admitted that $50,000 was loaned pursuant to the contract. Denied that any funds were advanced outside the contract. Otherwise denied.

33. Denied.

34. The Breaker Parties incorporate by reference their prior answers.

35. Admitted only that Breaker signed the Agreement and Mr. Pesut signed the guaranty. Otherwise denied. Denied that any such promises or representations were made outside the Agreement.

36. Denied.

37. Admitted only that Breaker signed the Agreement and Mr. Pesut signed the guaranty. Otherwise denied. Denied that any such promises or representations were made outside the Agreement.

38. Denied.

39. Denied.

40. Admitted only that Breaker signed the Agreement intending to receive loan proceeds. Otherwise denied.

41. Denied. In addition, DealStruck knew it was substantially certain that not all of the receivables would be paid.

42. Denied.

43. Denied.

44. The Breaker Parties incorporate by reference their prior answers.

45. Denied. Especially denied that any representations were made beyond the terms and promises of the Agreement.

46. Denied. DealStruck knew it was substantially certain that not all of the receivables would be paid.

47. Denied.

48. The Breaker Parties incorporate by reference their Parties prior answers.

49. Admitted only that the Agreement, if enforceable, purported to require Breaker to remit those funds to DealStruck. Otherwise denied.

50. Denied.

51. Admitted only that DealStuck retained counsel in this case. Otherwise denied. Especially denied that there was any conversion.

52. Denied.

53. The Breaker Parties incorporate by reference their prior answers.

54. Objected to as vague and ambiguous. Admitted that Mr. Pesut signed a guaranty. Denied that Mrs. Pesut signed a guaranty. Otherwise denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted only that Mr. Pesut signed the guaranty and that DealStruck formerly was represented by Pahl & McCay. Otherwise denied.

///

## DEFENSES AND AFFIRMATIVE DEFENSES

1. **Equitable Lien/Assignment.** Any express assignment language in the contracts was actually an equitable lien provided as security for repayment of the $50,000 loan.

2. **Usury and Unconscionability.** An agreement which permits DealStruck to convert a $50,000 loan into a $230,000 debt, with or without default, is unconscionable, invalid, usurious, and contrary to public policy. This is especially true to the extent the agreement permits DealStruck to re-direct and seize the debtor's mail without ever giving it back to the debtor, thereby putting the debtor out of business or severely disrupting its business.

3. **Set-Off And Recoupment.** The Breaker Parties are entitled to set off against and recoup from DealStruck the damages caused by DealStruck wrongfully and tortuously seizing Breaker's mail, refusing to make it available to Breaker upon request, and apparently trashing or throwing away Breaker's mail. This constitutes tortious conversion and breach of the implied covenant of good faith and fair dealing.

4. **Lack of Personal Jurisdiction.** This court lacks personal jurisdiction or subject matter jurisdiction over the Breaker Parties, and especially over Mrs. Pesut, who has had no relevant contacts with California or with this district or division.

5. **Failure To State A Claim**. The Complaint fails to state a claim against Mrs. Pesut because it impermissibly lumps her together with Mr. Pesut as "Pesut," employing impermissible group pleading. Additionally, the tort claims are barred by the economic loss rule and by DealStruck's failure to allege any facts showing that the Breaker Parties did not intend to perform the relevant agreements when they were signed. DealStruck fails to plead any federal claim or to plead the residency or citizenship of its members, and therefore fails to adequately plead subject matter jurisdiction.

WHEREFORE, Defendants, Breaker Electrical Contractors Corp., Hrvoje Pesut and Grace Pesut pray that Plaintiffs take nothing by way of their Complaint and they be compensated for their attorneys' fees, costs, and for any other relief the Court deems appropriate.

## COUNTERCLAIM

Breaker Electrical Contractors Corp. ("Breaker") respectfully submits this Counterclaim for Conversion against MYBUSINESSLOAN.COM, LLC dba DealStruck, Inc. ("DealStruck").

## PARTIES, JURISDICTION AND VENUE

1. Breaker is a New York Corporation with its principal place of business in New York.

2. DealStruck is a California Corporation with its principal place of business in California. On information and belief, the member or members of DealStruck are located in California and are residents or citizens of California or different states other than New York.

3. This court has diversity and supplemental jurisdiction because the parties to this Counterclaim are citizens or residents of different states and the amount in controversy on this Counterclaim exceeds $75,000, exclusive of interest, costs and attorneys' fees.

4. Personal jurisdiction and venue are proper with respect to this Counterclaim because DealStruck filed its Complaint here.

## COUNT I: CONVERSION

5. For over the past ten weeks, DealStruck has exercised wrongful dominion and control over, and has denied Breaker access to, Breaker's mail, not limited to checks from customers or checks from the collateral accounts or invoices.

6. The Factoring Agreement did not permit DealStruck to keep and hold Breaker's non-payment mail and to deny Breaker access to it.

7. Although Breaker requested access to its non-payment mail on several occasions, and also asked to have its non-payment mail shipped to Breaker at Breaker's expense, DealStruck has declined to ship Breaker its mail and has refused to permit Breaker to pick up its own mail.

8. The mail that DealStruck has converted was not limited to checks on accounts payable or collateral accounts. Rather, it included important bids, proposals, contracts and business correspondence that had nothing to do with the collateral accounts.

9. DealStruck has exercised wrongful dominion and control over Breaker's mail, and has deprived Breaker of the use and possession of its own mail, including contracts, bids and proposals.

10. DealStruck's conversion has deprived Breaker of contracts and business, has caused it lost revenue and profit, and threatens to put Breaker out of business.

11. DealStruck's conversion has caused Breaker to incur damages in excess of $75,000.

12. DealStruck's conversion has been willful, wanton, malicious and oppressive, and were taken with the intent to damage Breaker's business, thus warranting an award of punitive damages in an amount exceeding $750,000.

WHEREFORE, Breaker seeks an award of actual compensatory damages against DealStruck (MYBUSINESSLOAN.COM, LLC) in the amount of at least $75,000, an award of punitive damages in the amount of at least $750,000, an award of reasonable attorneys' fees based on DealStruck's intentional and malicious tortious conduct, and such additional or alternative relief as the interests of justice may require or which the court deems just and proper.

Dated: September 29, 2015

                      THE MILLERICK LAW FIRM

                By: */s/ Michael F. Millerick, Esq.*
                     Michael F. Millerick, Esq. (#129467)
                     4142 Adams Avenue, Suite 103
                     San Diego, California 92116
                     Tel: 619-233-0204 / Fax: 619-233-6272
                     E-mail: michael@millericklaw.com

*Attorney for Defendants Breaker Electrical Contractors Corp., Hrvoje Pesut, and Grace Pesut*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2015, I filed the foregoing *Defendants Breaker Electrical Contractors Corp., Hrvoje Pesut and Grace Pesut's Answer to Complaint and Counterclaim* and this *Certificate of Service* with the Clerk of the Court using the United States District Court CM/ECF System and that a copy of said documents will be provided to the following counsel of record via the CM/ECF system:


Catherine S. Robertson, Esq. (#136213)
PAHL & McCAY
225 West Santa Clara, Suite 1500
San Jose, California 95113-1752
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
E-mail: crobertson@pahl-mccay.com

Angela M. Lipscomb, Esq.
Lipscomb, Eisenburg & Baker, P.L.
2 S. Biscayne Blvd.
Penthouse 3800
Miami, Florida 33131
(786) 431-2234
E-mail: alipscomb@lebfirm.com

*Counsel for Plaintiff*

By: */s/ Michael F. Millerick, Esq.*
     Michael F. Millerick, Esq.
     Attorney for Defendants
     E-mail: michael@millericklaw.com